**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 87-cv-1899-WJM

MICHAEL W. STAADTS,

     Plaintiff,

v.

JEFFERSON COUNTY SCHOOL DISTRICT R-1,
JOHN PEPPER,
JOHN N. McMULLEN, Honorable, Denver District Court, and
JOSEPH R. QUINN, Chief Justice, Colorado Supreme Court,

     Defendants.

---

**ORDER DENYING *PRO SE* MOTION**

---

The above-captioned action was filed *pro se* by Plaintiff Michael W. Staadts in December 1987.  Mr. Staadts's Complaint alleged wrongdoing by Defendants related to a worker's compensation claim filed by Mr. Staadts for an injury he sustained while employed by the Jefferson County School District.  Defendants filed Motions to Dismiss which were granted by the Court and this case was closed on February 22, 1988.

On June 1, 2012, Mr. Staadts filed a "Motion to peaceably assemble and redress The Entities, the Defendants, THEIR Attorneys, and Associates, for The Grievances, Crimes, and Torts Of Law that They have Committed against The Plaintiff."  (ECF No. 5.)  Mr. Staadts asks the Court to hold a three-day trial by jury during which he can present his eighty-five pieces of evidence and prove his case.  (*Id*.)

The Court previously granted Defendants' Motions to Dismiss and closed this case.  The ruling dismissing this action was based on the Court's conclusions that: (1)

Mr. Staadts's claims against Jefferson County and John Pepper were barred by *res judicata* because the Colorado state courts had already litigated his worker's compensation claim; and (2) Mr. Staadts's claims against McMullen and Quinn were barred by the doctrine of judicial immunity.  Mr. Staadts's repeated requests for reconsideration were all denied.

In the instant Motion, Mr. Staadts seems to argue that the Court's disposition of the case violated his Seventh Amendment right to trial by jury.  However, the Seventh Amendment does not guarantee a right to trial by jury in every case.  Rather, there must be a genuinely disputed issue of material fact before trial by jury is appropriate. *See* Fed. R. Civ. P. 56; *Fidelity & Deposit Co. v. United States*, 187 U.S. 315, 319-20 (1902); *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001).  The Supreme Court has specifically addressed the doctrine of  *res judicata* and held that its application does not violate the Seventh Amendment.  *Parkland Hosiery Co., Inc. v. Shore*, 439 U.S. 337 (1979).  In granting Defendants' Motions to Dismiss in this case, the Court held that there was no triable issue of fact.  Therefore, Mr. Staadts's Seventh Amendment rights were not violated.

Mr. Staadts also states that he would like to add a claim for violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO") to his claims against Defendants.  (ECF No. 5 at 4.)  The Court cannot permit Mr. Staadts to add a RICO claim to this action because it is closed and has been for nearly twenty-five years.  If Mr. Staadts would like to bring a RICO claim against Defendants, he needs to file a new case.

In sum, nothing in Mr. Staadts's instant Motion calls into question the reasoning underlying the Court's prior dismissal of the above-captioned action.  Accordingly, Mr. Staadts's "Motion to peaceably assemble and redress The Entities, the Defendants, THEIR Attorneys, and Associates, for The Grievances, Crimes, and Torts Of Law that They have Committed against The Plaintiff" is DENIED.  This case shall remain closed.

Dated this 12th day of June, 2012.

BY THE COURT:

William J. Martinez
United States District Judge

3