IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 87-cv-1899-WJM

MICHAEL W. STAADTS,

    Plaintiff,

v.

JEFFERSON COUNTY SCHOOL DISTRICT R-1,
JOHN PEPPER,
JOHN N. McMULLEN, Honorable, Denver District Court, and
JOSEPH R. QUINN, Chief Justice, Colorado Supreme Court,

    Defendants.

## ORDER DENYING *PRO SE* MOTION FOR LEAVE TO PROSECUTE, CONVICT, AND EXECUTE A JUDGMENT

    The above-captioned action was filed *pro se* by Plaintiff Michael W. Staadts in December 1987. Mr. Staadts's Complaint alleged wrongdoing by Defendants related to a worker's compensation claim filed by Mr. Staadts for an injury he sustained while employed by the Jefferson County School District. Defendants filed Motions to Dismiss which were granted by the Court and this case was closed on February 22, 1988.

    Since early 2011, Mr. Staadts has filed a number of motions seeking to reopen this case. The Court has denied each motion, explaining that the case is closed and that Mr. Staadt's time to appeal has expired. The Court has also attempted to explain to Mr. Staadt why he is not entitled to a jury trial on his claims and why it cannot grant the relief Mr. Staadt seeks.

On November, 2012, Mr. Staadts filed a "Motion to Prosecute, Convict, and Execute a Judgment and Final Settlement against The Entities, the Defendants, Their Attorneys, and and [sic] Associates." (ECF No. 7.) Mr. Staadts provides the Court with his proposed trial schedule and asks the Court to hold a three-day trial by jury. (*Id*. at 3.)

As the Court has previously explained, the judge originally assigned to this case (who has long since retired), granted Defendants' Motions to Dismiss because: (1) Mr. Staadts's claims against Jefferson County and John Pepper were barred by *res judicata* because the Colorado state courts had already litigated his worker's compensation claim; and (2) Mr. Staadts's claims against McMullen and Quinn were barred by the doctrine of judicial immunity. As the Court has previously advised Mr. Staadts, this ruling was the final adjudication of his case and, therefore, he is not entitled to a jury trial. (*See* ECF No. 6 (the Court's June 12, 2012 Order denying Plaintiff's prior request to set jury trial).)

In sum, nothing in Mr. Staadts's instant Motion calls into question the reasoning underlying the Court's prior dismissal of the above-captioned action. Accordingly, Mr. Staadts's "Motion to Prosecute, Convict, and Execute a Judgment and Final Settlement against The Entities, the Defendants, Their Attorneys, and and [sic] Associates" (ECF No. 7) is DENIED. This case shall remain closed.

Dated this 10th day of December, 2012.

BY THE COURT:

[signature]

William J. Martinez
United States District Judge